UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. W., et al.,

          Plaintiffs,

    v.

GARDNER FAMILY HEALTH
NETWORK, INC, et al.,

          Defendants.

Case No.  25-cv-05823-SVK

**ORDER GRANTING FEDERAL
DEFENDANTS' MOTION TO
DISMISS; *SUA SPONTE* REMANDING
THE ACTION TO STATE COURT**

Re: Dkt. No. 6

Before the Court is Defendant Gardner Family Health Network, Inc.'s (originally sued under the name Gardner Health Services, and referred to herein as "Gardner")[1] Motion to Dismiss the Complaint for lack of subject matter jurisdiction, based on Plaintiff's failure to exhaust administrative remedies.  Dkt. 6 (the "Motion").  The Court finds the Motion suitable for determination without oral argument.  Civil L.R. 7-1(b).  Having reviewed the Parties' submissions, the relevant law and the record in this action, the Court **GRANTS** the Motion and, because the Court consequently lacks subject matter jurisdiction to hear this matter, *sua sponte* **REMANDS** the case to the Superior Court for the County of Santa Clara.

I.      **BACKGROUND**

The following allegations of the Complaint are not challenged by Gardner for the purposes of this Motion.  On July 21, 2023, Plaintiff M.W., a minor, was evaluated by Danielle Dukellis, M.D., for pain in his right knee at Gardner Health Services at the South County Health Center.  Dkt. 1-1 at 5-11 ("Compl."), ¶ 12.  He was diagnosed with Osgood-Schlatter's disease

---

[1] The Court notes that the Motion was brought on behalf of both Gardner and Dr. Danielle Dukellis, a former defendant, as the status of Dr. Dukellis was unclear at the time of filing;  the status of Dr. Dukellis is addressed below.

1  and given a referral for physical therapy. *Id.* On November 11, 2023, after slipping and falling,

2  Plaintiff was evaluated by, *inter alia*, David Feldman, M.D. for a knee injury at the Good

3  Samaritan Hospital. *Id.*, ¶ 13.

4       After other treatment and undergoing physical therapy with no improvement of his

5  symptoms, on March 5, 2024, Plaintiff returned to Gardner for right knee pain. *Id.*, ¶¶ 14-15. At

6  that time he was diagnosed with slipped capital femoral epiphysis (SCFE), transported to a

7  hospital and told not to let his leg bear any weight – in contrast to the prior recommendations of

8  physical therapy and his practice of using crutches. *See id.*, ¶¶ 13, 15. As alleged, treatment for

9  SCFE involves surgery, and early detection is important. *Id.*, ¶ 15. Although Plaintiff

10  subsequently underwent treatment in March, 2024 at Lucille Packard Children's Hospital-

11  Stanford, he alleges that Drs. Dukellis' and Feldman's, and Gardner's and Good Samaritan

12  Hospital's, wrongful care caused "pain, suffering, delay in diagnosis and a resulting, prolonged

13  course of treatment." *See id.*, ¶ 20.

14       Plaintiff brought suit in Santa Clara County superior Court on January 16, 2025 against Dr.

15  Dukellis and Gardner as Federal Defendants and Dr. Feldman and Good Samaritan Hospital as

16  private Defendants. *See, generally*, Compl. On July 11, 2025, the case was removed to this

17  Court. *See* Dkt. 1. Good Samaritan Hospital and Dr. Dukellis were dismissed from the case prior

18  to its removal. *See* Dkt. 15 (confirming dismissal of Good Samaritan Hospital); Dkt. 9 at 4. On

19  July 18, 2025, Gardner moved in this Court to dismiss the case due to Plaintiff's failure to exhaust

20  administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq.,

21  arguing that Plaintiff did not first properly present the appropriate federal agency with a

22  claim. *See* Dkt. 6 at 3-4.

23  ## II.    LEGAL STANDARD

24       Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks

25  subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may

26  be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As

27  relevant here, "in a factual attack, the challenger disputes the truth of the allegations that, by

28  themselves, would otherwise invoke federal jurisdiction." *Id.* "In resolving a factual attack on

1    jurisdiction, the district court may review evidence beyond the complaint without converting the

2    motion to dismiss into a motion for summary judgment." *Id.* "Once the moving party has

3    converted the motion to dismiss into a factual motion by presenting affidavits or other evidence

4    properly brought before the court, the party opposing the motion must furnish affidavits or other

5    evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

6        As relevant to the FTCA, 28 U.S.C. § 2675(a) requires a potential plaintiff, before

7    instituting an action for money damages for injury caused by negligent or wrongful conduct, to

8    "present[] the claim to the appropriate Federal agency." In order to satisfy this requirement, at a

9    minimum, a plaintiff must furnish the appropriate federal agency with "(1) a written statement

10   sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum

11   certain damages claim." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

12   **III.**      **DISCUSSION**

13        **A.**      **The Claims Against Gardner Must be Dismissed**

14        The Parties agree on the following facts. First, as of June 2024, Plaintiff was unaware that

15   Gardner and Dr. Dukellis were affiliated with the United States Government and so did not initiate

16   an administrative proceeding with the appropriate federal agency directly (*e.g.*, the U.S.

17   Department of Health and Human Services). *Compare* Dkt. 9 at 5 (Plaintiff) *with* Dkt. 13 at 2

18   (Gardner). Second, however, and prior to filing his state court Complaint, Plaintiff was required

19   in any case to serve a Notice of Intent to Commence Legal Action pursuant to California Code of

20   Civil Procedure Section 364. *Id.* Third, Plaintiff in fact served such a Notice on June 13,

21   2024. *See id.*; Dkt. 9, Ex. 1 (the "Section 364 Notice"). Fourth, the contents and authenticity of

22   the letter—attached as Exhibit 1 to the Opposition—are not disputed. *See, generally*, Dkt. 13

23   (Gardner's reply).

24        The Parties' arguments distill down to whether the Section 364 Notice, which was served

25   upon Gardner, satisfies the requirement of "presenting the claim to the appropriate Federal

26   agency." *Burns*, 764 F.2d 722 at 724 (9th Cir. 1985). Gardner does not challenge that the Section

27   364 Notice constitutes "a written statement sufficiently describing the injury," but maintains that

28   (a) it did not contain a "sum certain damages claim" and (b) it was not submitted "to the

1    appropriate Federal agency." *Id.*

2        Turning first to the challenged requirement of a "sum certain," Plaintiff's only argument is

3    that the Section 364 Notice "described the general damages alleged." Dkt. 9 at 5.  The Court is

4    not persuaded that this is sufficient.  "Since the purpose of the administrative claim is to facilitate

5    settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of

6    the settlement value of a case." *Dobrowski v. United States*, No. 11-cv-02835 JAM, 2013 WL

7    5954901, at *4 (E.D. Cal. Nov. 7, 2013) (quoting *Caidin v. United States*, 564 F.2d 284, 287 (9th

8    Cir. 1977)).  While the letter describes the injuries Plaintiff allegedly suffered ("pain, suffering,

9    emotional distress, and additional treatment, and a diminished ability to bear weight on the right

10   leg"), nowhere does it state a specific dollar amount—*i.e.*, a sum certain of the

11   damages.  Accordingly, Plaintiff's Section 364 Notice does not meet this requirement.

12       Thus, the Court need not address the second question.  *See Burns*, 764 F.2d at 724 ("The

13   only document submitted by [Plaintiff], or on his behalf, to the [U.S. Dep't H.H.S.] which could

14   arguably be called an administrative claim for money damages, is the letter written to [Gardner].

15   While it might convincingly be asserted that this letter did not afford the [U.S. Dep't H.H.S.]

16   sufficient notice of an imminent lawsuit to enable them to initiate their own investigation, we need

17   not consider this contention because it is clear that *nowhere* in the letter is contained the requisite

18   sum certain claim. Thus, we find that Burns has failed to satisfy section 2675, and that his action

19   was correctly dismissed by the court below.").

20       The Court therefore **GRANTS** Gardner's Motion.  Moreover, because leave to amend as to

21   this failure to exhaust would be futile, the Court's dismissal is **with prejudice.**

22       **B.    The Court Lacks Subject Matter Jurisdiction and Remands the Remaining
             Claims Against Dr. Feldman**

23

24       Finally, the Court addresses the status of the Parties and of this case.  Plaintiff argues in

25   opposition that the motion to dismiss as to Dr. Dukellis is moot. Dkt. 9 at 4.  Gardner agrees, and

26   moreover counsel for Gardner argues that, because the claims against Dr. Dukellis have been

27   dismissed, the Court should substitute the United States in place of Gardner.  *See* Dkt. 13 at 5.

28       The Court agrees with Plaintiff and **DENIES** the motion to dismiss Dr. Dukellis as moot

United States District Court
Northern District of California

4

1    and will order the Clerk of Court to terminate Dr. Dukellis as a defendant for clarity.  The Court

2    **DENIES** Gardner's request for substitution as moot, given that it has **GRANTED** Gardner's

3    motion to dismiss.

4         Accordingly, this leaves Dr. Feldman as the only defendant and Plaintiff's cause of action

5    for professional negligence against Dr. Feldman as the only claim.  *See* Dkt. 1-1 at 9-11.  The

6    Complaint alleges that both Plaintiff and Dr. Feldman are California citizens.  Compl., ¶¶ 1, 4.

7    Accordingly, this Court lacks either federal question jurisdiction or diversity jurisdiction and so

8    lacks subject matter jurisdiction.  "If at any time before final judgment it appears that the district

9    court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.  Section

10   1447 is ordinarily applied upon a motion to remand by a party.  However, while "[a] district court

11   lacks authority under 28 U.S.C. § 1447(c) to remand *sua sponte* based on a non-jurisdictional

12   defect … subject matter jurisdiction is the touchstone for a district court's authority to remand *sua*

13   *sponte*."  *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018).

14        The Court therefore *sua sponte* **REMANDS** the case.

15   **IV.    CONCLUSION**

16        For the forgoing reasons, the Court **GRANTS** the Motion to Dismiss Gardner Family

17   Health Network.  The Clerk of Court shall terminate Gardner Family Health Network and Danielle

18   Dukellis as defendants.

19        The Court furthermore **REMANDS** the case to the Superior Court of the State of

20   California for the County of Santa Clara.  The Clerk of Court shall remand the case.

21

22        **SO ORDERED.**

23   Dated: November 21, 2025

24

25

26   SUSAN VAN KEULEN
     United States Magistrate Judge

27

28

United States District Court
Northern District of California